UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:16-cr-122-J-32MCR

KARAMCHAND DOOBAY  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

**O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.[1]

☒ FACTORS CONSIDERED

Defendant is a 46-year-old inmate incarcerated at Big Spring CI, serving a 151-month term of imprisonment for conspiracy to commit mail and wire fraud and conspiracy to commit wire fraud. (Doc. 72, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on May 23, 2027. Defendant seeks compassionate release because of the Covid-19 pandemic and because he claims to have asthma, high blood pressure, and an enlarged prostate. (Doc. 95 at 2).

---

[1] Doobay has exhausted his administrative remedies.

A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. Defendant admits that none of the examples of extraordinary and compelling circumstances enumerated in § 1B1.13's commentary applies to him. (Doc. 95 at 5). Rather, Defendant argues that he qualifies for compassionate release under the "other reasons" catch-all category, § 1B1.13, cmt. 1(D). (Doc. 95 at 5-8). Application Note 1(D) provides that a reason other than those enumerated in the commentary may qualify as an extraordinary and compelling reason for compassionate release, but such "other reason[ ]" must be "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13, cmt. 1(D). "By its own terms, this provision does not authorize the Court to invent new or additional 'extraordinary and compelling reasons' for compassionate release." United States v. Copeland, No. 3:11-cr-281-J-34JBT, 2020 WL 4193554, at *2 (M.D. Fla. July 21, 2020). For the reasons stated in

Copeland, 2020 WL 4193554, at *2-3, the Court rejects Defendant's argument that Application Note 1(D) authorizes the Court to grant compassionate release based on its own definition of extraordinary and compelling circumstances.

Moreover, Defendant is not eligible for compassionate release because the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Defendant was convicted of two serious fraud offenses, which resulted in 84 victims suffering losses ranging from $25,000 to $1.5 million. (Doc. 63, Presentence Investigation Report [PSR] at ¶ 35). In total, Defendant defrauded the victims of more than $8.6 million. (Id. at ¶ 39). The Court has reviewed letters from several of the victims (Doc. 97-1, Victim Letters), all of whom except one opposes Defendant's request for compassionate release. The victims describe the significant financial loss and emotional suffering they have endured because of Defendant's criminal behavior.

Defendant has served less than half of his 151-month prison term. In view of all the § 3553(a) factors, releasing Defendant from prison nearly seven years early would not be consistent with the statutory purposes of sentencing. See United States v. Rodd, 966 F.3d 740, 741-42, 747-48 (8th Cir. 2020) (district court properly denied compassionate release based on the § 3553(a) factors where defendant was convicted of fraud offenses totaling $1.8 million in losses, even though defendant suffered from congestive heart failure, hypertension, atrial fibrillation, morbid obesity, and diabetes); United States v. Pawlowski, 967 F.3d 327, 330-31 (3d Cir. 2020) (similar).

Accordingly, Defendant's Motion for Compassionate Release (Doc. 95) is **DENIED**.[2] The Court directs the United States to provide a copy of this Order to each of the victims who submitted a letter to the Court.

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of September, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:
Counsel of record
Defendant

---

[2] To the extent Defendant requests that the Court order home confinement, the Court cannot grant that request because the Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act).