UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO: 3:16-cr-122-TJC-MCR

KARAMCHAND DOOBAY          ORDER ON MOTION FOR
                                                 SENTENCE REDUCTION UNDER
                                                 18 U.S.C. § 3582(c)(1)(A)

## **O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Karamchand Doobay is a 47-year-old inmate incarcerated at Big Spring (Flightline) C.I., serving a 151-month term of imprisonment for conspiracy to commit mail and wire fraud and conspiracy to commit wire fraud. (Doc. 72, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on May 23, 2027. Defendant previously moved for compassionate release, through counsel, in 2020 (Doc. 95), and the Court

denied that motion because he had not shown "extraordinary and compelling reasons" for a sentence reduction and because the sentencing factors under 18 U.S.C. § 3553(a) did not warrant it (Doc. 99, Order).

Defendant now renews his request for a sentence reduction. He seeks compassionate release because of the Covid-19 pandemic, the alleged lack of adequate medical care at his facility should he contract the virus, and because he suffers from hypertension and asthma. (Doc. 100, Emergency Renewed Motion for Compassionate Release). Defendant also argues that the Court should consider that his trial counsel, after sentencing, failed to file a requested notice of appeal. (Id. at 2, 5). He seeks immediate release on bail pending the disposition of this Motion and the appointment of counsel as well. (Id. at 1, 6). The United States has responded in opposition. (Doc. 102, Response; Doc. 102-1 through 102-3, Gov't Exhibits).[1]

A movant under § 3582(c)(1)(A) bears the burden of proving that a sentence reduction is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014)). The statute provides:

---

[1] On September 1, 2021, the Court received a reply from Defendant and four exhibits. (Doc. 103, Reply). A party may not file a reply brief without leave of Court, and Defendant neither obtained nor requested leave to file the reply. See M.D. Fla. Local Rule 3.01(d). Nevertheless, even considering the unauthorized reply, the Court's conclusion is unchanged.

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit Court of Appeals has instructed that the applicable policy statement, U.S.S.G. § 1B1.13, including its definition of "extraordinary and compelling reasons," governs all motions filed under 18 U.S.C. § 3582(c)(1)(A), even those filed after the First Step Act. United States v. Bryant, 996 F.3d 1243, 1247–48 (11th Cir. 2021). Notably, "[b]ecause the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). As the Third Circuit Court of Appeals has observed, Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant has not demonstrated extraordinary and compelling reasons warranting a sentence reduction. According to the Centers for Disease Control (CDC), certain underlying conditions can increase the risk of severe illness

from Covid-19.[2] The CDC categorizes these conditions depending on the strength of the evidence supporting an association with severe illness.[3] Defendant's conditions – hypertension and asthma – fall into the lowest category, with only "mixed evidence" supporting a link with severe infection. The medical records reflect that prison staff have provided Defendant routine medical care and are attentive to his medical needs. (See generally Doc. 102-3, Medical Records). In addition, there is no evidence that either of these conditions impairs Defendant's ability to provide self-care in the prison environment.

The record also reflects that Defendant has been fully vaccinated against Covid-19. He (wisely) accepted both doses of the Pfizer Covid-19 vaccine on April 29, 2021, and May 19, 2021. (Doc. 102-2, Vaccination Record). There is strong evidence that the vaccine is effective at reducing the risk of death or serious illness from coronavirus. Thus, Defendant's grim prediction that he would succumb to the virus, were he to contract it, is unsupported. (See Doc. 100 at 4, 7). Given his lack of serious medical conditions, age, and vaccination status, he has failed to show "extraordinary and compelling reasons" to reduce his sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1.

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[3] https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html.

Defendant's reliance on United States v. Barbieri, 845 F. App'x 911 (11th Cir. 2021), is misplaced. There, the government conceded on appeal that the defendant, who suffered from coronary artery disease, ischemia, high blood pressure, and diabetes, had medical conditions that qualified as extraordinary and compelling reasons for compassionate release. Id. at 911. Here, Defendant suffers from none of those conditions except for high blood pressure; Defendant has been fully vaccinated; and the government makes no concession that Defendant's circumstances are extraordinary and compelling.

Defendant also urges the Court to consider that his trial counsel failed to file a requested notice of appeal after sentencing. (Doc. 100 at 2, 5). This has nothing to do with establishing "extraordinary and compelling" circumstances. See U.S.S.G. § 1B1.13, cmt. 1; Bryant, 996 F.3d at 1248 (district courts are bound by the policy statement's definition of extraordinary and compelling reasons).

Finally, even if Defendant had shown extraordinary and compelling circumstances, the sentencing factors under 18 U.S.C. § 3553(a) would not support a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The Court's discussion of the § 3553(a) factors in its Order of September 25, 2020, remains relevant today. (Doc. 99 at 3–4). Defendant has well over five years remaining on his sentence for substantial fraud crimes. In view of all the § 3553(a) factors, reducing Defendant's sentence is not warranted.

Accordingly, Defendant's Emergency Renewed Motion for Compassionate Release (Doc. 100) is **DENIED**.[4] Defendant's request for immediate release on bail is likewise **DENIED**. Defendant's request for the appointment of counsel is **DENIED** because it is not supported by the interests of justice. United States v. Cain, 827 F. App'x 915, 921–22 (11th Cir. 2020).

**DONE AND ORDERED** at Jacksonville, Florida this 20th day of September, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

lc 19
Copies:
Counsel of record
Defendant

---

[4] This Motion did not present a genuine emergency. The Court warns Defendant that the unwarranted designation of a motion as an emergency may result in the imposition of sanctions. M.D. Fla. Local Rule 3.01(e).